IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ERIC ROBINSON,

                              Plaintiff,

          vs.

STATE OF NEBRASKA,

                              Defendant.

**8:17CV204**

**MEMORANDUM
AND ORDER**

Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis. (Filing No. 14.) After instructing Plaintiff that it would no longer accept piecemeal filings from him and to file a complaint that complies with Federal Rule of Civil Procedure 8, the court understands that Plaintiff intends to petition for a writ of mandamus.[1] The court also understands from Plaintiff's multiple filings that he intends to challenge his criminal conviction(s).

The Prison Litigation Reform Act provides that a prisoner who "brings a civil action or files an appeal in forma pauperis ... shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Act does not define "civil action" for the purpose of the IFP statute, and neither excludes nor includes mandamus proceedings within its scope. *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997). The Eighth Circuit Court of Appeals has found that the PLRA includes "a mandamus petition arising from an ongoing civil rights lawsuit . . . ." *Id.* The Court has not decided whether the PLRA applies to a mandamus petition when the underlying litigation is a civil habeas corpus proceeding. *Id.* Accordingly, because it appears that Plaintiff's mandamus petition will challenge his underlying criminal proceedings, the court will not apply the PLRA to Plaintiff and he will not be

---

[1] Plaintiff's initial filing is entitled "Writ of Mandamus," however as Plaintiff admits in that filing, he was not "fully motioning anything yet but rather attempting to build it piece by piece." (Filing No. 1 at CM/ECF p. 6.)

required to pay the filing fee. Plaintiff is warned that he may be subject to the PLRA and responsible for the full filing fee if his mandamus petition seeks "relief sought in civil actions that are covered by the PLRA." *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1059 (9th Cir. 2016) (quoting *In re Nagy*, 89 F.3d 115, 117 n.1 (2d Cir. 1996)); *see also Martin v. United States*, 96 F.3d 853, 854-55 (7th Cir. 1996) ("A petition for mandamus in a criminal proceeding is not a form of prisoner litigation. ... It is a procedural step in the criminal litigation, like an interlocutory or final appeal or a civil contempt proceeding against a witness."); *In re Grant*, 635 F.3d 1227, 1230 (D.C. Cir. 2011) (applying PLRA to mandamus petitions when the underlying action is civil); *In re Stone*, 118 F.3d 1032, 1033–34 (5th Cir. 1997) (same); *In re Tyler, supra* (same); *cf. Madden v. Myers*, 102 F.3d 74, 76–77 (3d Cir. 1996) (holding that mandamus actions are categorically not "civil actions"). *But see Green v. Nottingham*, 90 F.3d 415, 417–18 (10th Cir. 1996).

IT IS THEREFORE ORDERED that: Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Filing No. 14) is granted.

Dated this 25th day of July, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge