IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ERIC ROBINSON, | |
|---|---|
| Plaintiff, | 8:17CV204 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff Eric Robinson ("Robinson") petitions the court for a writ of mandamus. (Filing No. 22.) He has also filed additional motions and supplemental materials. (Filing Nos. 21, 23, 24, 25, 26.) The court granted Robinson leave to proceed in forma pauperis. (Filing No. 20.) The court now conducts an initial review of Robinson's pleadings to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).

## I. BACKGROUND

On January 7, 2014, the court dismissed Robinson's writ of mandamus action against various employees of the Federal Aviation Administration. *See Robinson v. Huerta et al.*, Filing Nos. 8-9 at Case No. 4:13-cv-3130 (D. Neb. 2014). Robinson did not appeal the judgment. On February 27, 2017, Robinson filed a 227-page Motion for Reconsideration in that case. (Filing No. 10, Case No. 4:13-cv-3130.) In his Motion, Robinson appeared to disagree with the January 7, 2014, Memorandum and Order, but he also appeared to seek relief against state officials in a wholly separate matter. The court denied Robinson's Motion for Reconsideration and instructed him to file a complaint pursuant to Federal Rule of Civil Procedure 8 that states his claims for relief against state officials. (Filing No. 11, Case No. 4:13-cv-3130.) Robinson later filed additional supplemental materials totaling nearly 50 pages to support his Motion for Reconsideration. (Filing Nos.

14-15, Case No. 4:13-cv-3130.) He wanted the court to direct the state county and district courts to take certain actions in his current and prior criminal proceedings in those courts. (*Id.*) The court informed Robinson of the multiple reasons why it could not grant him relief. (*See* Filing No. 16, Case No. 4:13-cv-3130.)

On June 9, 2017, Robinson petitioned the court for a writ of mandamus against the State of Nebraska. (Filing No. 1.) He stated in his pleading that "the new writ has nothing to do with the civil Michael P. Huerta F.A.A. writ." (*Id.* at CM/ECF p. 3.) Accordingly, the court opened a new case. (*See* Filing No. 4 at CM/ECF p. 1 n.1.) Robinson continued to file additional supplemental materials totaling over 50 pages. (Filing Nos. 9-11.) In response, the court informed Robinson:

> The court understands from Plaintiff's recent filings that he intends to file a future complaint. **The court warns Plaintiff that it will no longer accept piecemeal filings from him.** He shall file a complaint with the required payment of fees or request to proceed in forma pauperis. Furthermore, any complaint shall comply with Federal Rule of Civil Procedure 8, which states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (emphasis added). Plaintiff's filings to date have not complied with Rule 8. **Failure to comply with these requirements will result in dismissal of this action without further notice to Plaintiff.**

(Filing No. 12.) (emphasis in original)

On August 28, 2017, Robinson filed the Motion for Writ of Mandamus at issue now. (Filing No. 22.) The Motion comprises a full notebook – 71 pages – of handwritten allegations from Robinson that appear to include ramblings, frustrations, and commentary. Separately, Robinson filed a 53-page Motion to Amend to add discovery (Filing No. 21), 100 pages of supplemental materials (Filing Nos. 23, 25, 26), and a 147-page Motion to add the Ombudsman as a defendant (Filing No. 24).

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III. DISCUSSION

Robinson's 71-page Motion for Writ of Mandamus with hundreds of pages of additional motions and supplemental materials do not comply with Federal Rule of Civil Procedure 8, which states that a pleading must contain "*a short and plain statement of the claim showing that the pleader is entitled to relief.*" (emphasis added) The court warned Robinson twice - once in his previous writ of mandamus action and once in the current action – that he must comply with Rule 8 in any complaint he files against state officials. There is, however, further explanation for dismissing this action.

Robinson alleges that he has been unlawfully convicted and/or incarcerated in several state court criminal cases because of the actions of county and district courts in Lancaster County, Nebraska. (*See* Filing No. 22 at CM/ECF pp. 2-3.) He claims he is "owed defense" and counsel of his choice. (*Id.*) He seeks a writ of

mandamus compelling the state courts to "preserve constitutional law." (*Id.*) However, the court does not have jurisdiction to compel the state courts to act. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff") (emphasis added); *see also White v. Ward*, 145 F.3d 1139 (10th Cir. 1998) (explaining that federal courts "lack[ ] jurisdiction to direct a state court to perform its duty").

To the extent that Robinson actually seeks federal habeas corpus relief, i.e. to invalidate his convictions, he must first exhaust his state court remedies, specifically through the state court appellate system; file separate habeas corpus petitions for each state court judgment; and any habeas action will be subject to a one-year statute of limitations. *See* 28 U.S.C. § 2241(d)(1); 28 U.S.C. § 2254(b) and (c); Rule 2(e) of the *Rules Governing Habeas Corpus Cases Under Section 2254*.

IT IS THEREFORE ORDERED that:

1. This case is dismissed without prejudice.

2. All pending motions (Filing Nos. 21, 24) are denied as moot.

3. A separate judgment will be entered.

Dated this 5th day of October, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge